IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CHATTAHOOCHE SHOALS INVESTMENT GROUP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 119-033 |
| SAMUEL D. JACKSON AND ALL OTHER OCCUPANTS, | ) | |
| Defendant. | ) | |

**O R D E R**

On March 5, 2019, at 4:06 p.m., the Clerk of Court filed a Notice of Removal of Civil Action, purporting to remove a case from Richmond County Magistrate Court set for a hearing on March 6, 2019, at 9:00 a.m. Defendant's filing does not establish when or if the Notice was served on Plaintiff's counsel or filed with the Richmond County Magistrate Court because the Certificates of Service do not comply with Local Rule 5.1. (See generally doc. no. 1.) Even more importantly, it is not clear the basis upon which Defendant removed this case.

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A removing defendant has the burden to establish federal jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "Subject matter jurisdiction in a federal

court may be based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank, 363 F. App'x 11, 15 (11th Cir. 2010) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Id. (footnote omitted). Accordingly, a counterclaim based on a federal cause of action or a federal defense alone is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

The Notice of Removal does not, as would a proper notice of removal, contain a copy of the complaint. The attached Answer of Tenant and Notice of Hearing suggests the dispute is between a landlord and tenant. That Defendant purports to raise a federal defense(s) to a state landlord/tenant dispute does not confer federal subject matter jurisdiction. Even the federal citations in the Notice of Removal are not supported with any facts. The removing party must point to facts, not conclusory allegations, to meet his burden to establish federal jurisdiction. See Best Buy Co., 269 F.3d at 1319-20.

Accordingly, the Court **ORDERS** the removing Defendant to provide sufficient evidence of federal jurisdiction **by no later than the close of business on Friday, March 15, 2019**. Defendant must also provide proof of service of the Notice of Removal on

Plaintiff's counsel and the Magistrate Court of Richmond County by this same March 15th deadline.

SO ORDERED this 7th day of March, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA