IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHATTAHOOCHE SHOALS INVESTMENT GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CV 119-033 |
| SAMUEL D. JACKSON AND ALL OTHER OCCUPANTS, | ) ) ) ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Samuel D. Jackson, proceeding *pro se*, purports to remove to this Court an action filed by Plaintiff in the Magistrate Court of Richmond County, Georgia. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction and **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Magistrate Court of Richmond County, and the above-captioned civil action be **CLOSED** in this Court.

**I.    BACKGROUND**

On March 5, 2019, at 4:06 p.m., the Clerk of Court filed a Notice of Removal of Civil Action, purporting to remove case number 916702 from Richmond County Magistrate Court that had been set for a hearing on March 6, 2019, at 9:00 a.m. Because Defendant's filing did not establish when or if the Notice was served on Plaintiff's counsel or filed with the Richmond County Magistrate Court, and because there was no clear basis for federal jurisdiction, the Court directed Defendant, by the close of business on March 15, 2019, to provide, (1) sufficient evidence of federal jurisdiction, and (2) proof of service of the Notice

of Removal on Plaintiff's counsel and the Magistrate Court of Richmond County.  (See generally doc. nos. 1, 5.)

In response, Defendant filed an Amended Notice of Removal of Civil Action.  (Doc. no. 6.)  The Certificate of Service states only that he served his Amended Notice on Plaintiff via a Post Office Box in Oakwood, Georgia.  (Id. at 5.)  Defendant did not, as directed in the Court's prior order, provide proof of service on Plaintiff's counsel or the Magistrate Court of Richmond County.  Even more importantly, as described below, Defendant did not provide sufficient evidence of federal jurisdiction, and therefore the case may not proceed in federal court.

## II.    DISCUSSION

Defendant states in his Amended Notice that case number 916702 is pending in the Magistrate Court of Richmond County, but he did not attach a copy of the complaint.  28 U.S.C. § 1446(a) requires a removing defendant to file a "copy of all process, pleadings, and orders served" on defendant in the state action.  Because of Defendant's failure to comply with the procedural requirements for removal, despite having the opportunity to cure the original deficiency, the Court has only the Answer of Tenant and Notice of Hearing attached to the original Notice of Removal to review.  (See doc. nos. 1, 6.)  That document suggests the dispute is between a landlord and tenant.  (See doc. no. 1.)  Defendant's Amended Notice of Removal does not offer any information to clarify the basis for the underlying action in Magistrate Court, and despite multiple citations to federal statutes, it does not provide any factual basis supporting federal jurisdiction.

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter.  28 U.S.C. § 1441(a).  A

removing defendant has the burden to establish federal jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction."  Walker v. Sun Trust Bank, 363 F. App'x 11, 15 (11th Cir. 2010) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Id. (footnote omitted).  Accordingly, a counterclaim based on a federal cause of action or a federal defense alone is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

It appears Plaintiff filed its action in the Magistrate Court of Richmond County as a landlord/tenant dispute.  The Amended Notice of Removal, while not attaching the complaint, suggests Plaintiff foreclosed on Defendant's residence and served an eviction notice on Defendant.  (Doc. no. 6, p. 2.)  Defendant contends the foreclosure violated an automatic stay granted in a bankruptcy proceeding filed "around August 2018."  (Id.) Defendant does not provide the bankruptcy case number or attach any documentation supporting the conclusion there is an automatic stay in place.

That Defendant purports to raise a federal defense to a state dispossessory action does not confer federal subject matter jurisdiction.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  This Court and others within the Eleventh Circuit have rejected similar

attempts to remove a dispossessory action based only on state law.  See American Homes 4 Rent Properties Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *2-3 (N.D. Ga. Oct. 7, 2014).

Nor does the mention of a bankruptcy case confer jurisdiction on this Court.  Filing a petition under the Bankruptcy Code operates as an automatic stay of proceedings of a debtor, but Defendant offers nothing to support the conclusion he sought relief in bankruptcy court from this alleged violation of an order entered in his unidentified bankruptcy case.  See, e.g., In re Albany Partners Ltd., 749 F.2d 670, 671-75 (11th Cir. 1984) (describing process for challenging foreclosure sale conducted in state court that allegedly violated bankruptcy stay as commencing in bankruptcy court).  Moreover, if there is a stay in place, then the automatic stay provision of 11 U.S.C. § 362(a)(1) would prohibit the commencement of *this* judicial proceeding *against* Defendant unless or until the bankruptcy court grants relief from the automatic stay or that stay lapses.  See Ellison v. Northwest Eng'g Co., 707 F.2d 1310, 1311 (11th Cir. 1983) (*per curiam*) (staying appellate proceedings regarding district court summary judgment ruling because defendant filed bankruptcy petition after parties filed briefs and panel heard oral argument, thereby activating the automatic stay provision of 11 U.S.C. § 362(a)).

Although Defendant does not plausibly raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity jurisdiction exists.  Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Defendant fails to plead diversity of citizenship - indeed

there is no information on the citizenship of Plaintiff or Defendant – and fails to show the amount-in-controversy exceeds the $75,000 threshold. As succinctly explained by another court:

> [A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over limited right to possession, title to property is not at issue, and accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008). Defendant has not established diversity of citizenship or that the value of the controversy exceeds $75,000.

In sum, the Court concludes Defendant has not met his burden of establishing federal jurisdiction, and the case should be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III. CONCLUSION

Because there is no subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Magistrate Court of Richmond County, and the above-captioned civil action be **CLOSED** in this Court.

SO REPORTED and RECOMMENDED this 19th day of March, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5